IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| STEVEN KEITH JENKINS | APPELLANT |
| V. | NO: 3:22CV87-MPM-RP |
| WILLIAM L. FAVA, Trustee for the Estate of Steven Keith Jenkins | APPELLEE |
| | |
| STEVEN KEITH JENKINS | APPELLANT |
| V. | NO: 3:22CV88-MPM-RP |
| UNITED STATES TRUSTEE | APPELLEE |

**<u>ORDER</u>**

This cause comes before the court on consideration of two separate bankruptcy appeals in the above-entitled action. Appellant Jenkins is the debtor in a bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Mississippi. Mr. Jenkins has appealed the bankruptcy court's March 2, 2022, order denying his motion to dismiss the United States Trustee's adversary proceeding seeking the denial of Mr. Jenkins' discharge ("Order Denying Dismissal") and the related May 6, 2022 order granting his motion seeking additional findings related to that denial. 1 Dkt. No. 1. Mr. Jenkins lists five issues in his statement of the issues. Br. at 2-3. However, most of these issues pertain to the actions of the Chapter 7 Trustee, not the United States Trustee. Mr. Jenkins has separately appealed the denial of his motion to dismiss the Chapter 7 Trustee's complaint. *See Jenkins v. Fava*, Case No. 3:22-cv-87 (N.D. Miss.). Nevertheless, Jenkins has filed virtually identical briefs in both appeals without regard to which issues pertain to which party. *Id.* at Dkt. No. 8.

Jenkins' briefing practices in this regard would make it exceedingly difficult for this court to decipher exactly what relief he was seeking and what arguments he was making, if it were to address the merits of his appeals. Ultimately, however, this court concludes that it is deficiencies in Jenkins' arguments regarding *jurisdictional* issues which preclude it from even addressing the merits of these appeals. In so stating, this court emphasizes that district courts have jurisdiction to hear appeals from final judgments, orders, and decrees entered by bankruptcy judges and, in certain circumstances, appeals from interlocutory bankruptcy court orders. 28 U.S.C. § 158(a)(1), (3). It is well settled that an order denying a motion to dismiss is interlocutory. *See Morin v. Caire*, 77 F.3d 116, 119-20 (5th Cir. 1996). Thus, the Order Denying Dismissal is not appealable as of right and may be challenged only if, in an exercise of its discretion, this court grants leave for an interlocutory appeal. *See* 28 U.S.C. § 158(a)(3); FED. R. BANKR. P. 8004(b); *In re Holloway*, 370 F. App'x 490, 493 (5th Cir. 2010). Mr. Jenkins has not sought, and this court has not granted, leave to appeal.

This court's jurisdictional concerns are heightened by the nature of the bankruptcy court rulings which appellant would have this court review. For example, Jenkins argues that this court should closely scrutinize the bankruptcy court's decision to grant a 60-day extension, writing that:

> When a debtor files a petition for relief under Chapter 7 of the Bankruptcy Code, that debtor is entitled to a fresh start. *See Yaquinto v. Ward*, 978 F.3d 298, 302 (5th Cir. 2020). To bring about that fresh start, the applicable bankruptcy rules clarify that the United States Trustee must convene a meeting of creditors "[w]ithin a reasonable time after the order for relief in a case . . . ." § 341(a). Further, the Trustee's time limit for objecting to the debtor's discharge is limited to sixty days after the date of the first meeting of creditors. Fed. R. Bankr. P. 4004(a); . . . Federal Rule of Bankruptcy Procedure 4004(b) allows the objection deadline to be extended on motion to the bankruptcy court and for good cause shown. Although neither the Code nor the Rules define the "cause" required for an extension and thus leave it to the court's discretion, the court should take its responsibility seriously and look hard for the relevant cause.

[Appellant's brief at 12, some citations omitted].

It thus seems clear that Jenkins seeks appellate review of the bankruptcy court's granting of an extension of time, and this raises clear appellate jurisdiction concerns in this court's mind. While this court is serving as an appellate court in this particular case, its primary role is, of course, that of a trial court judge. This court has naturally granted many extensions of time on various matters in its years on the bench, but it has never seen one of those orders appealed. This court believes that the reason for this lies in the fact that orders for extensions of time are interlocutory orders as to which no rule or statute provides for a right of appeal. It should go without saying that if every litigant aggrieved by a ruling of a federal judge regarding a motion for time were allowed to appeal that ruling, then appellate courts would be clogged with appeals and it would be virtually impossible to finish cases on time. It is unclear to this court why these concerns are any less valid in the bankruptcy context.

Based upon the considerations stated above, this court was already skeptical regarding the jurisdictional basis for this appeal, and it was accordingly receptive to the Trustee's argument that no appellate jurisdiction exists. This inclination was strengthened by the jurisdictional arguments set forth in the Trustee's brief, in particular his assertion that:

> District courts have jurisdiction to hear appeals from final judgments, orders, and decrees entered by bankruptcy judges and, in certain circumstances, appeals from interlocutory bankruptcy court orders. 28 U.S.C. § 158(a)(1), (3).3 An order denying a motion to dismiss is interlocutory. *See Morin v. Caire*, 77 F.3d 116, 119-20 (5th Cir. 1996). Thus, the Order Denying Dismissal is not appealable as of right and may be challenged only if, in an exercise of its discretion, this Court grants leave for an interlocutory appeal. See 28 U.S.C. § 158(a)(3); FED. R. BANKR. P. 8004(b); *In re Holloway*, 370 F. App'x 490, 493 (5th Cir. 2010). Mr. Jenkins has not sought, and this Court has not granted, leave to appeal. Therefore, the appeal may be dismissed on that basis alone. *Id.*
>
> Notwithstanding Mr. Jenkins' failure to seek leave, there is no basis for this Court to grant such a request. "The standard the district court applies in determining whether to exercise its discretion to grant leave is not articulated in the statute. Courts in the Fifth Circuit, however, have applied 28 U.S.C. § 1292(b), the standard governing interlocutory

3

> appeals generally." *In re Hallwood Energy, L.P.*, 3:12-CV-1902-G, 2013 WL 524418, at *2 (N.D. Tex. Feb. 11, 2013); *Powers v. Montgomery*, Case No. 3:97-CV-1736-P, 1998 WL 159944, at *2 (N.D. Tex. April 1, 1998) ("While there is no set standard in this Circuit for determining whether to grant leave to appeal, the Fifth Circuit has acknowledged that the large majority of district courts . . . have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from Bankruptcy Court orders."). To warrant leave to appeal, an interlocutory order must: i) involve a controlling issue of law; ii) present a question upon which there is substantial ground for difference of opinion; and iii) an immediate appeal of the order must materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b);

[Trustee's brief at 9-10, some citations omitted].

In responding to the Trustee's jurisdictional arguments, appellant notes that the Fifth Circuit has adopted a "flexible rule of finality" which allows, in certain cases, for an otherwise interlocutory bankruptcy court order to be considered final for appeal purposes. Specifically, appellant writes in this brief that:

> A bankruptcy case is unique among civil cases. *In re Moody*, 817 F.2d 365, 367 (5th Cir. 1987). A civil case may involve several parties and claims. *Id.* All of those claims and parties are considered one judicial unit "from which only one judicial appeal [as of right would lie." *Id.* Therefore, although not always, an order disposing of one claim against one party is not a final order because other claims against other parties may still be unsettled. *Id.* A bankruptcy proceeding, on the other hand, is the relevant judicial unit for purposes of finality. *Id.* (citing *In re Seco Land Dev. Corp.,* 711 F.2d 441 (1st Cir. 1983)). The Fifth Circuit employs a flexible rule of finality. *Smith v. AET, Inc*., No. C-07-123, C-07-124, C-07-126, 2007 WL 1644060, at *3 (S.D. Tex. June 4, 2007) (*citing In re Bartee*, 212 F.3d 277 (5th Cir. 2000)). That flexible rule dictates that an order ending a discrete judicial unit within a larger case will conclude a bankruptcy proceeding. Moody, 817 F.2d at 367. That order is thus final. Id. An order in bankruptcy may be final even if the case remains open. See id. Specifically, "a bankruptcy court order ending [an] adversary proceeding is appealable as a final order even [if it] does not conclude the entire bankruptcy case." Id.

[Appellant's brief at 3].

This court agrees with appellant that the Fifth Circuit's "flexible rule of finality" allows for bankruptcy appeals in certain limited contexts, where it would otherwise not exist. As noted by the Fifth Circuit in a 2000 decision:

4

> This circuit has long rejected adoption of a rigid rule that a bankruptcy case can only "be appealed as a 'single judicial unit' at the end of the entire bankruptcy proceeding." *Orr,* 180 F.3d at 659 (quoting *Texas Extrusion Corp. v. Lockheed Corp.* (*In re Texas Extrusion Corp.*), 844 F.2d 1142, 1155 (5th Cir.1988)). Instead, an appealed bankruptcy order must constitute either a "final determination of the rights of the parties to secure the relief they seek," or a final disposition "of a discrete dispute within the larger bankruptcy case for the order to be considered final." *Orr,* 180 F.3d at 659 (quoting *In re Texas Extrusion Corp.,* 844 F.2d at 1155). We recently explained the utility of our flexible rule of finality:
>> [A] determination that appellate jurisdiction arises only when the bankruptcy judge enters an order which ends the entire bankruptcy case, leaving nothing for the court to do but execute the judgment, would substantially frustrate the bankruptcy system. This is so particularly when, as here, one independent decision materially affects the rest of the bankruptcy proceedings. Separate and discrete orders in many bankruptcy proceedings determine the extent of the bankruptcy estate and influence creditors to expend or not to expend effort to recover monies due them. The reversal of such an order would waste exorbitant amounts of time, money, and labor and would likely require parties to start the entire bankruptcy process anew. This potential waste of judicial and other resources has influenced this Court and other courts of appeals to view finality in bankruptcy proceedings in a more practical and less technical light.

*In re Bartee*, 212 F.3d 277, 282–83 (5th Cir. 2000) *citing England v. Federal Deposit Ins. Corp.*, 975 F.2d 1168, 1171 (5th Cir.1992).

Having correctly cited the applicable Fifth Circuit law, this court anticipated that appellant would attempt to explain why this case fell within the Fifth Circuit's "flexible rule of finality." Instead, appellant inexplicably veers into a discussion of inapplicable Third Circuit law, writing that:

> The United States Court of Appeals for the Third Circuit has formulated and applied a four-factor test to determine whether an order should be considered final under the relaxed standard of finality. *Segal v. Holber*, No. 13-2793, 2014 WL 1123276, at *4-5 (E.D. Pa. Mar. 20, 2014). Those four factors are (1) the impact on the assets of the bankruptcy estate; (2) the preclusive effect of the decision on the merits of potential future litigation; (3) the need for additional fact-finding on remand; and (4) the interests of judicial economy in hearing the appeal. *Id.*

[Brief at 4]. Appellant then proceeds to explain why, in his view, the bankruptcy court's order denying the Debtor's Motion to Dismiss the Chapter 7 Trustee's Adversary Petition Objecting to Discharge was a "final order" within the meaning of the Third Circuit standard, as if that would

5

have any relevance to this action, which is governed by Fifth Circuit law. *Id.* This court can only regard appellant's reliance upon authority from another circuit as a tacit concession that he is unable to establish appellate jurisdiction under the Fifth Circuit's jurisprudence.

This court notes at this juncture that, in his appeal, appellant takes issue with so much of the proceedings below that it is difficult to understand exactly what is being appealed. The confusion in this regard is heightened by the fact that, as noted previously, appellant has filed two separate appeals with this court, in which he intermingles issues and argument to such an extent that it is difficult to make any meaningful distinction between them. For example, in addition to arguing that the bankruptcy court lacked "good cause" to extend the trustee's deadline for objecting to the debtor's discharge, appellant also argues, in another point of error, that "this Court Should Reverse the Bankruptcy Court's Order Denying the Debtor's Motion to Dismiss the Trustee's Objection to Discharge Because the Trustee Did Not Present 'Extreme and Unusual Circumstances' to Justify Twenty-one Adjournments." [Brief at 15]. A bankruptcy court's ruling which was based partly upon a trustee's decision to adjourn a meeting of creditors does not strike this court as being the sort of final order which would give rise to appellate jurisdiction, and appellant makes no effort to argue otherwise.

Ultimately, this court must conclude that it is appellant's responsibility to seek permission to file the correct interlocutory appeals and to support those appeals with arguments based upon applicable Fifth Circuit law. He has failed to do so. Assuming that appellant's filings are sufficient to give rise to some sort of discretion on this court's part as to whether to entertain an interlocutory appeal, then it declines to exercise that discretion. In so stating, this court notes that issues such as whether or not to grant a trustee an extension of time to object to discharge and how many adjournments of a creditors' meeting by a trustee are "too many" are

issues regarding which the bankruptcy court has an infinitely greater amount of experience than this court. That being the case, this court would be highly unlikely to substitute its judgment regarding these matters for the bankruptcy court's, even if it were to entertain this appeal.

In so stating, this court notes that, while Congress has seen fit to grant district courts appellate power over bankruptcy courts, this court believes that, in the bankruptcy context, district courts should have the humility to make a distinction between *power* and appellate *wisdom*. In this court's view, bankruptcy appeals make the most sense in cases where the appellant is able to raise discrete issues of law regarding which district courts may research the law and conclude whether the bankruptcy court's rulings make sense. In this appeal, however, appellant takes primary issue with the bankruptcy court's *case management practices*, such as his decisions regarding whether to grant extensions of time or whether to permit the adjournments of meetings of creditors. These are matters which relate to a bankruptcy court's handling of his docket and which draw heavily upon his experience in the proper handling of a bankruptcy case. In the court's view, it would be most unwise for a district court to believe that it was in a position to second-guess the decisions of a bankruptcy court in this regard,[1] particularly on the basis of the sort of confusing briefing in this appeal.

This court's observations in this regard assume, of course, that it has basic appellate jurisdiction to even address these matters in the first place. In this case, however, appellant has failed to establish that the Fifth Circuit's "flexible rule of finality" applies in this case, nor has he submitted arguments which might allow the granting of an interlocutory appeal under 28 U.S.C.

---

[1] In so stating, this court notes that it lacks knowledge of such matters as how busy the bankruptcy court's docket is and how complex and time-consuming a particular case may be. These are matters which, this court is well aware, often factor into decisions such as whether to grant an extension of time or to permit an adjournment of a hearing.

7

§ 1292(b). As a result, this court concludes that the bankruptcy court's Order Denying Dismissal i) does not involve a controlling issue of law; ii) does not present a question upon which there is substantial ground for difference of opinion; and iii) that an immediate appeal of the order would not materially advance the ultimate termination of the litigation. This court accordingly concludes that appellant's bankruptcy appeals in 3:22cv87 and 3:22cv88 should be dismissed for lack of appellate jurisdiction.

In light of the foregoing, it is ordered that the bankruptcy appeals in this case are dismissed for lack of jurisdiction.

This, the 28th day of March, 2023.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI